UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R. ANDREWS, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY,<br><br>            Defendant. | Case No. 12-cv-2809-L(NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 3]** |

      On October 17, 2012, Plaintiffs Gary R. Andrews and Gloria J. Andrews commenced this action in the San Diego Superior Court against Defendant Hartford Insurance Company. This action arises from accidental-death-and-dismemberment benefits under a policy issued by Defendant. On November 21, 2012, Defendant removed this action to federal court. Defendant now moves to dismiss Plaintiffs' complaint in its entirety. Plaintiffs oppose.

      The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 7.) For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

//

## I.  BACKGROUND

Plaintiffs allege that Defendant issued an insurance policy to Plaintiffs.  (Compl. ¶ 6.) They further allege that "[o]n various occasions, and in connection with the issuance of the policy (and limits) at issue herein, Plaintiffs discussed insurance with the Defendant[] and/or their agents who recommend[ed] a policy issued by Defendant[] and Plaintiffs relied upon that advice."  (*Id.* ¶ 4.)  They relied on that advice because of Defendant's "superior knowledge in deciding insurance related matters and issues[.]"  (*Id.* ¶ 5.)

According to Plaintiffs, "[the] policy provides in pertinent part that the Defendant[] will pay Plaintiffs various policy benefits in the event of injuries to Plaintiffs[.]"  (Compl. ¶ 7.)  And they add that they have "performed all condition[s], covenants and promises required of them to be performed in accordance with the terms and conditions of said contract of insurance except, if applicable, those that had been excused or waived."  (*Id.* ¶ 8.)

During an unspecified time period when Plaintiffs were covered by the insurance policy, they incurred a loss when Mr. Andrews was injured.  (Compl. ¶ 9.)  That injury resulted in the loss of vision in his eye.  (*Id.*)  Plaintiffs allege that Defendant refuses to pay the full amount of their claim, which they contend is $180,000.  (*Id.* ¶ 10.)  Instead, Defendants have paid Plaintiffs $90,000, representing that that is the amount they are covered for.  (*Id.* ¶ 10.)  Plaintiffs lastly allege that "[i]t was only after Plaintiffs submitted a claim arising out of the loss of sight in Mr. Andrew's eye that they discovered that [Defendant was] contending that they did not have coverage for $180,000 that they thought they had."  (*Id.*)

On October 17, 2012, Plaintiff filed a complaint asserting nine causes of action: (1) Reformation Based on Inequitable Misconduct; (2) Reformation Based on Mutual Mistake of Fact; (3) Reformation Based on Fraud; (4) Coverage by Estoppel; (5) Intentional Misrepresentation; (6) Negligent Misrepresentation; (7) Fraudulent Concealment; (8) Negligent Failure to Disclose; and (9) Declaratory Relief.  About one month later, Defendant removed this action to federal court.  Defendant now moves to dismiss the complaint in its entirety.  Plaintiffs oppose.

//

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party.  *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  Material allegations, even if doubtful in fact, are assumed to be true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted).  In fact, the court does not need to accept any legal conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id.*  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

//
//

## III. DISCUSSION

Defendant argues that all of Plaintiffs' causes of action should be dismissed for various reasons. To summarize, Defendant argues that: (1) the First, Second, and Third causes of action for reformation fail to state a claim in that Plaintiffs fail to allege essential elements for their reformation claims; (2) the Fifth, Sixth, Seventh, and Eighth are not pled with specificity and fail to meet the heightened pleading requirements under Federal Rule of Civil Procedure 9(b); and (3) the remaining causes of action for coverage by estoppel and declaratory relief, the Fourth and Ninth causes of action respectively, are "mere restatements of their claims for reformation and fraud." (Def.'s Mot. 2:3–22.)

Plaintiffs respond with a four-page opposition. The entirety of their argument from their opposition appears as follows:

> The Plaintiffs allege that they did not learn of any issue/discrepancy in the policy limit until after they submitted their claim (Complaint at paragraphs 10 and 13). They also allege that they were ignorant of the terms and conditions of the policy as they related to the claim (Complaint at paragraphs 14, 20 and 25). Plaintiffs also allege that Defendant concealed the applicable policy limit from them (Complaint at paragraph 39).
>
> About the only fact that the Complaint does not allege is that Plaintiffs were never given a copy of the policy until after the claim. Given the facts that are alleged and the reasonable inferences to be drawn from them, not to mention Defendant's actual knowledge of the exact nature of this dispute and claim that should not render the complaint defective. Everyone knows what the issue and dispute are.
>
> Plaintiffs were not given a copy of the policy or otherwise notified that Mr. Andrews would have a reduced coverage amount. Plaintiffs would like to move forward with discovery and resolution of this dispute.

(Pls.' Opp'n 3:19–4:3.) Nothing further is provided. And noticeably missing are citations to any applicable case law and statutes.

This is a flagrantly inadequate opposition. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The first paragraph of Plaintiffs' argument is merely a recitation of various allegations in complaint. Then the second paragraph concedes that a particular fact was not alleged, but that that missing allegation should not render the complaint defective because, presumably, the allegations in the complaint are sufficient. Plaintiffs do not explain how or why

the complaint in its current form is adequate, but rather curiously adds that "[e]veryone knows what the issue and dispute are." (Pls.' Opp'n 3:24–28.) Contrary to Plaintiffs' position, without more, everyone does not know what the issues and disputes are. Finally, the last paragraph reemphasizes the missing factual allegation in the previous paragraph, which Plaintiffs inconsistently suggest is not essential, and goes on to express an outcome Plaintiffs wish to see come to pass, namely, "mov[ing] forward with discovery and resolution of this dispute." (*Id.* at 4:1–3.) This is not legal analysis. Despite Defendant's diplomatic reading of the opposition, Plaintiffs' opposition does not address any of the deficiencies that Defendant argues exist. Plaintiffs fail to provide any cognizable reason to justify denying Defendant's motion. *See Iqbal*, 556 U.S. at 678. Rather, the opposition so impressively inadequately responds to Defendant's motion that it is effectively a failure to oppose the motion. *See* Civ. L.R. 7.1(f.3.c).

## IV.   CONCLUSION & ORDER

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss, and **DISMISSES WITHOUT PREJUDICE** the complaint in its entirety. (Doc. 3.)

**IT IS SO ORDERED.**

DATED: June 10, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL